UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ANGELA MILES,                          )
                                       )
                Plaintiff,             )
                                       )
v.                                     )          No. 2:24-CV-20-DCP
                                       )
COMMISSIONER OF SOCIAL SECURITY,       )
                                       )
                Defendant.             )

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 15].  Angela Miles ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of Defendant Commissioner of Social Security ("Commissioner"), denying Social Security Disability Insurance Benefits ("DIB") [Doc. 1].  For the reasons that follow, the Court will **SUSTAIN** Plaintiff's Statement of Errors [**Doc. 16**] and **REMAND** the case for further consideration.

## I.      PROCEDURAL HISTORY

On May 27, 2021, Plaintiff filed an application for DIB pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, claiming a period of disability that began on November 15, 2019 [Tr. 224, 232].  The Commissioner denied Plaintiff's application initially [*id.* at 55–57] and upon reconsideration [*id.* at 67–69].  Plaintiff then requested a hearing before an ALJ [*id.* at 88], which was held on December 21, 2022 [*id.* at 31–48].  The ALJ found that Plaintiff was not disabled [*id.* at 14–30], and the Appeals Council denied Plaintiff's request for review on November 22, 2023 [*id.* at 1], making the ALJ's decision the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on February 6, 2024 [Doc. 1]. The parties have filed opposing briefs, and this matter is ripe for adjudication [*See* Docs. 16, 18, 19].

## II.    DISABILITY ELIGIBILITY AND ALJ FINDINGS

### A.    Disability Eligibility

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual will only be considered disabled:

> [I]f his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

2

> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e), 416.920(a)(4), 416.920(e). RFC is the most a claimant can do despite her limitations. *Id.* §§ 404.1545(a)(1), 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## B. ALJ Findings

Here, the ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.
>
> 2. The claimant has not engaged in substantial gainful activity since November 15, 2019, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: systemic lupus erythematous, fibromyalgia, arthritis in knees, neuropathy, and irritable bowel syndrome (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

3

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except with no climbing ladders, ropes, or scaffolds; occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching and crawling; and limited to indoor work to ensure access to a restroom.

6. The claimant is capable of performing past relevant work as a secretary and as a blood donor unit assistant. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from November 15, 2019, through the date of this decision (20 CFR 404.1520(f)).

[Tr. 19–26].

## III.    STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). In reviewing the Commissioner's decision, the Court must consider the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the

4

case differently. *Crisp v. Sec'y of Health & Hum. Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Additionally, the Supreme Court has explained that "'substantial evidence' is a 'term of art,'" and "whatever the meaning of 'substantial' in other settings, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citation omitted). Rather, substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 103 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In determining whether an ALJ's findings are supported by substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

In addition to considering whether the ALJ's decision is supported by substantial evidence, the Court must review whether the ALJ employed the correct legal criteria. It is grounds for reversal of a decision—even if supported by substantial evidence—where "the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

On review, the plaintiff "bears the burden of proving [her] entitlement to benefits." *Boyes v. Sec'y of Health & Hum. Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted). Furthermore, the Court is not under any obligation to scour the record for errors not identified by the claimant and arguments not raised and supported in more than a perfunctory manner may be deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (noting that conclusory claims of error without further argument or authority may be considered waived).

5

# IV.    ANALYSIS

Plaintiff alleges one error on appeal: whether, in determining her RFC, the ALJ erred by limiting her to "indoor work to ensure access to a restroom" without specifying the frequency and duration of bathroom breaks [Doc. 16 at 4–5]. The Commissioner responds that the ALJ reasonably accounted for the symptoms of Plaintiff's irritable bowel syndrome ("IBS"), imposing a restroom-related limit that is supported by substantial evidence [Doc. 18 at 8–9]. In her reply, Plaintiff reiterates that the RFC does not allow for appropriate review because it does not determine how frequently and for how long Plaintiff would exercise the option to use the restroom at will, which would impact her ability to perform substantially gainful employment [Doc. 19 at 3–5].

When an ALJ includes an RFC limitation regarding bathroom access, the ALJ should make a specific finding as part of the RFC about the frequency and duration of bathroom usage. *McQuade v. Comm'r of Soc. Sec.*, No. 1:21-cv-834, 2022 WL 4375984, at *3 (N.D. Ohio Sept. 22, 2022). *See also Green v. Astrue*, No. 309-cv-331, 2010 WL 2901765, at *5 (E.D. Tenn. July 2, 2010) *report and recommendation adopted*, 2010 WL 2901762 (E.D. Tenn. July 20, 2010) (noting the difference between two ten-minute breaks hourly and one five-minute break hourly); *Megan I.B. v. Comm'r of Soc. Sec.*, No. 2:22-cv-2238, 2022 WL 16945709, at *3 (S.D. Ohio Nov. 15, 2022) ("When a restroom limitation is incorporated into an RFC, an ALJ must also make a specific finding about the frequency and duration of a claimant's bathroom usage as part of that RFC.").

In *Green*, the ALJ accounted for plaintiff's urinary incontinence when determining her RFC by noting that the plaintiff "must be allowed frequent restroom breaks." 2010 WL 2901765, at *1. This finding was insufficient, however, because the ALJ failed to explain how often Green needed bathroom breaks and for how long. *Id.* at *5–6. The Commissioner distinguishes the present case from *Green* by adducing that here, the ALJ did not include in the RFC determination

6

a limitation for frequent restroom breaks [Doc. 18 at 8–9]. But when an ALJ imposes a bathroom-related limitation—like indoor work—without accounting for the frequency and duration of necessary breaks, the limit is impermissibly vague and precludes judicial review. *See McQuade*, 2022 WL 4375984, at *3–4 (Concluding a limitation that claimant "must have ready access to restroom facilities, so no work outdoors" was vague); *Hooks v. Comm'r of Soc. Sec.*, No. 3:13-cv-454, 2014 WL 4348182, at *7 (E.D. Tenn. Sept. 2, 2014) ("Where there is evidence that a claimant requires access to a bathroom as needed, an ALJ's RFC assessment should address the alleged limitation."). *Compare Sherrill v. Comm'r of Soc. Sec.*, 2014 WL 1338114, at *7 (S.D. Ohio Apr. 2, 2014) *report and recommendation adopted*, 2014 WL 1672926 (S.D. Ohio Apr. 28, 2014) (finding vague the limit that plaintiff required a "[r]eadily accessible bathroom facility"), *and Megan I.B.*, 2022 WL 16945709, at *3–4 (finding legally insufficient the limit "off task less than ten percent of a workday as a result of additional bathroom breaks"), *with Jeley v. Comm'r of Soc. Sec.*, 2020 WL 452882, at *5–6 (S.D. Ohio Aug. 6, 2020 *report and recommendation adopted*, 2020 WL 5793183 (S.D. Ohio Sept. 29, 2020) (explaining that the ALJ sufficiently addressed the duration and frequency of bathroom breaks by limiting claimant to "work in an environment where he could use the restroom every two hours and be off-task 8% of the day due to restroom breaks").

Here, although the ALJ found the record did not support Plaintiff's statements about the frequency and degree to which her symptoms disrupted her work, he also found that Plaintiff's IBS was a severe impairment [Tr. 19, 23]. He restricted Plaintiff to indoor work to ensure bathroom access without making any findings about how frequently and for how long she will need to use the bathroom—"factors that necessarily affect [her] RFC." *McQuade*, 2022 WL 4375984, at *4 (quoting *Sherrill*, 2014 WL 1338114, at *7). Because the ALJ imposed a bathroom-related limitation but failed to make specific findings about the frequency and length of

7

bathroom breaks, the ALJ "d[id] not convey the degree to which Plaintiff's ability to work was limited." *See Green*, 2010 WL 2901765, at *6. Because this leaves "no way for the Court to analyze, on this record, whether the ALJ determined that Plaintiff needed no unscheduled bathroom breaks or something else entirely," the limitation to indoor work is impermissibly vague. *Hubbard v. Comm'r of Soc. Sec.*, No. 11-11140, 2012 WL 883612, at *7 (E.D. Mich. Feb. 27, 2012) *report and recommendation adopted by* 2012 WL 858636 (E.D. Mich. Mar. 14, 2012).

## V. CONCLUSION

Based on the foregoing, the Plaintiff's Statement of Errors [**Doc. 16**] will be **SUSTAINED** and the Decision of the Commissioner will be **REMANDED** for further consideration.

**ORDER ACCORDINGLY.**

Debra C. Poplin
United States Magistrate Judge